UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **SUSAN M. ROGERS** | |
| **Plaintiff,** | |
| v. | Case No. 15-2179 |
| **CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,** | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

Plaintiff Susan M. Rogers seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her application for disability insurance benefits and supplemental security income.  The parties have filed cross motions for summary judgment.  For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#18)** be **GRANTED**, and that the decision to deny benefits be affirmed.

I.   Background

On November 30, 2010, Plaintiff filed an application for disability insurance benefits. On May 23, 2011, Plaintiff filed an application for supplemental security income. Plaintiff alleged disability beginning November 17, 2010. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for hearing, and on November 5, 2013, Plaintiff appeared at a video hearing before an Administrative Law Judge (ALJ). During the hearing, the ALJ heard testimony from Plaintiff, Plaintiff's daughter, and an impartial vocational expert (VE).

On February 14, 2014, the ALJ issued an unfavorable decision. (R. 16-25.) The ALJ found that Plaintiff has the severe impairments of mitral valve disease, multiple sclerosis, asthma, and mood disorders (20 CFR 404.1520(c) and 416.920(c)). (R. 18.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart A,

Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.) (R. 18.) Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is limited to occasional postural activities (climbing, stooping, crouching, crawling, balancing, and climbing ramps or stairs), and she is unable to work on ropes or scaffolds; she is limited to frequent overhead reaching with the dominant upper extremity; she needs to avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts and gases; she needs to avoid even moderate exposure to unprotected heights and unprotected moving machinery; she is limited to jobs that do not require complex or detailed job processes; she is limited to jobs that have little in the way of change in job process from day to day; she is limited to jobs that can be learned in 30 days or fewer; and she is limited to jobs with multistep, self-evident tasks that can [be] easily resumed after momentary distraction.

(R. 21.) The ALJ found that Plaintiff is unable to perform her past relevant work as a janitor supervisor, business service sales agent, customer service representative, telephone operator, or office clerk, but concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. 23.) Plaintiff filed a Request for Review, which the Appeals Council denied, making the ALJ's ruling the Commissioner's final decision.

## II. Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III. Analysis

### a. Listings

Plaintiff first argues that the ALJ failed to consider the combined effects of all of Plaintiff's limitations when concluding that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments. At step two, the ALJ determines if the claimant has an impairment that is "severe" or a combination of impairments that is "severe." 20 CFR § 404.1520(a)(4)(ii) ("If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.") Then, at step three, the ALJ considers the medical severity of all impairments and determines if Plaintiff's impairments meet or equal one of the listed impairments. 20 CFR § 404.1520(a)(4)(iii) ("If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.")

Here, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. "Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Here, Plaintiff has made no showing that Plaintiff's impairments meet all of the specific medical criteria of any of the listings. Plaintiff briefly lists a few impairments that she argues the ALJ failed to consider, but provides no evidence from the medical record that these limitations meet all of the specific criteria of a listing.

The Court notes that Plaintiff's Motion also cites several cases referencing the requirement that the ALJ consider the severity of Plaintiff's combined impairments when determining Plaintiff's RFC. Plaintiff does not expressly challenge the ALJ's RFC finding in this section of her Motion, but because Plaintiff cites Regulations and cases relating to RFC determinations, the Court will consider this issue. The Regulations state that "When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of this subpart, we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 CFR § 404.1525(e).

Plaintiff argues that the ALJ failed to consider the combined effect of Plaintiff's ailments. Plaintiff lists several impairments that the ALJ "failed to take into consideration" including

Plaintiff's mental confusion, arthritis in her right hip, migraines, pain, and reliance on painkillers. However, the ALJ considered Plaintiff's mental impairments and accommodated these limitations in the RFC. R. 20, 21. (Plaintiff is "limited to jobs that have little in the way of change in job process from day to day; she is limited to jobs that can be learned in 30 days or fewer; and she is limited to jobs with multistep, self-evident tasks that can [be] easily resumed after momentary distraction.") The ALJ also specifically considered Plaintiff's asthma. (R. 20) As to Plaintiff's arthritis, migraines, and use of painkillers, no medical record supports limitations beyond that determined by the ALJ's RFC. Plaintiff has not shown reversible error.

### b. Credibility

Plaintiff next argues that the ALJ's credibility analysis of Plaintiff and Plaintiff's daughter was flawed. The SSA has recently updated its ruling on evaluating symptoms in disability cases. The new SSR 16-3p eliminates the use of the term "credibility" to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p. This Court agrees with the Northern District of Illinois' conclusion that because the SSA specifies that the new ruling is intended to "clarify" the existing rules, and because the prior ruling and the new ruling are substantially consistent, the Court should evaluate Plaintiff's credibility argument under the language of the new SSR 16-3p. *See Herrold v. Colvin*, 2016 WL 1660495, p. 9 (N.D. Ill. 2016); *Damit v. Colvin*, 2106 WL 3568088, p. 8-9; *see also Farrar v. Colvin*, 2-16 WL 3538827, n. 3 (noting that " While the new policy statement does apply to matters on appeal, the Court is also bound by case law concerning the same regulatory process under the "credibility" analysis of the former SSR 96-7p").

Under the new SSR 16-3p:

[T]he ALJ must still consider all of an individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the record. In assessing symptoms, the ALJ should consider elements such as "objective medical evidence of the impairments, the daily activities, allegations of pain and aggravating factors, functional limitations, and treatment (including medication)."

"This court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Skarbek v. Barnhart*, 390 F. 3d 500, 504-05 (7th Cir. 2004.) The Court will affirm the ALJ's credibility finding so long as the ALJ "gives specific reasons that are supported by the record." *Id*. at 505.

The ALJ here considered Plaintiff's and Plaintiff's daughter's respective credibility and found that their statements regarding Plaintiff's past weight gain and loss were inconsistent and discredited their credibility. The ALJ noted that "[i]t is apparent that the issue of the claimant's weight must have been discussed between the mother and daughter prior to the hearing in an effort to coordinate their stories on this point." (R. 19.) Specifically, the ALJ found troubling Plaintiff and her daughter's remarks that Plaintiff gained weight while taking prednisone.

As discussed, under the new SSR 16-3p, the SSA emphasized that "subjective symptom evaluation is not an examination of the individual's character" but instead the ALJ should focus on objective medical evidence, daily activities, allegations of pain and aggravating factors, functional limitations, and treatment in evaluating the claimant's subjective symptoms. Here, the ALJ was evaluating Plaintiff and her daughter's truthfulness. There was no medical evidence presented or discussion of limitations resulting from Plaintiff's weight gain/loss, and instead the remarks regarding weight were considered by the ALJ only in terms of witnesses' truthfulness. While this is an improper consideration under the new SSR 16-3p, the Court notes that this was just one of several factors the ALJ considered. The ALJ specifically noted that the objective evidence did not support Plaintiff's alleged limitations, and noted that there was no evidence of disabling weakness, fatigue, or pain in the record, other than Plaintiff's subjective complaints. Under SSR 16-3p, Plaintiff's subjective symptoms should be considered only when they "can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record."

The ALJ also properly considered Plaintiff's daily activities in evaluating Plaintiff's subjective allegations. Plaintiff's Motion criticizes the ALJ for considering Plaintiff's daily activities, but as noted in SSR 16-3p, the ALJ is directed specifically to consider these activities. The ALJ noted that Plaintiff reported living independently and caring for her own personal needs including cooking, cleaning, driving, and performing other household tasks. (R. 18-19, 21, 22, 242-52.) Plaintiff argues that the daily activities on which the ALJ relied come from a 2010 function report, and that the ALJ failed to recognize the additional limitations reflected in a 2011 function report. Even on her June 2011 function report, however, Plaintiff reported driving, shopping, and preparing light meals. (R. 242-52.) While Plaintiff reported less functionality in her 2011 reports, the Court notes that no medical record shows limitations to the extent claimed by Plaintiff.

5

Plaintiff has not shown that the ALJ's credibility determination was patently wrong. The ALJ supported his finding with substantial evidence, including the objective medical record, the lack of medical opinions showing limitations to the extent alleged by Plaintiff, and Plaintiff's reported daily activities in 2010, after her alleged onset date.

### c. Vocational Expert's Testimony

Finally, Plaintiff argues that the ALJ erred in finding that jobs exist in significant numbers in the national economy that Plaintiff can perform. Plaintiff points to the hypotheticals given to the VE at the hearing, and the VE's testimony. One hypothetical presented to the VE at the hearing was an individual who would need to miss more than four days of work per month or was productive only 80% of the time. The VE testified that this person would be terminated eventually. (R. 76.) The mere fact that the ALJ presented this hypothetical to the VE does not mean that Plaintiff was limited to this extent. The ALJ often presents several scenarios to the VE at the hearing prior to making a disability determination. The ALJ's RFC, which was supported by substantial evidence, did not incorporate such absence, and Plaintiff has not shown that her limitations would cause this level of missed work. The Court does not find reversible error.

## IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#18)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 15th day of August, 2016.

s/ ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE